USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2356 CRAIG J. MERCER, Plaintiff, Appellant, v. SHERIFF CUMBERLAND COUNTY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Craig J. Mercer on brief pro se. _______________ William R. Fisher, Ivy L. Frignoca and Monaghan, Leahy, Hochadel _________________ _______________ _________________________ & Libby on brief for appellee. _______ ____________________ October 14, 1997 ____________________ Per Curiam. Plaintiff-appellant Craig J. Mercer, __________ an Ohio prisoner, appeals pro se from the dismissal of his ___ __ complaint under 42 U.S.C. 1983 alleging that the Sheriff of Cumberland County (Maine) unlawfully detained Mercer and then unlawfully transferred him to Ohio authorities, without an extradition hearing, to face final parole revocation proceedings. See 28 U.S.C. 1915(e)(2)(B), 1915A. We ___ affirm. Contrary to Mercer's suggestion, we do not think that he stated a claim for unlawful detention. Pursuant to Maine's Uniform Act for Out-of-State Parolee Supervision, the sheriff had the authority to detain Mercer pending the preliminary parole revocation hearing in Maine, and, since it appeared that a retaking was likely, for a reasonable time thereafter. Me. Rev. Stat. Ann. tit. 34-A, 9861. We are not persuaded that the length of detention in the instant case was unreasonable. The Uniform Act for Out-of- State Parolee Supervision also permits the retaking of a parolee subject to the Act without "formalities" other than "establishing the authority of the officer and the identity of the person to be retaken." Me. Rev. Stat. Ann. tit. 34-A, 9803. Mercer makes no argument that this Act incorporates the procedural protections afforded by Maine's Criminal Extradition Act, and the language of 9803 would suggest the contrary. Under the circumstances, and passing without -2- deciding the question whether a failure to comply with extradition procedures creates a cause of action under  1983, we find no error in the dismissal. Affirmed. ________ -3-